```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
DAVID MATTHEW BURNEY,               :   14 Civ. 4865 (GBD) (JCF)
                                    :
              Plaintiff,            :        REPORT AND
                                    :        RECOMMENDATION
     - against -                    :
                                    :
NURSE--M. HARPER & S. MCPHERSON,    :
C.O. WANDA BLUNT, Shield # 7005--   :
D.O.C.C.S., Transit Unit Bus 357B,  :
Driver C.O. on 3-11 Shift p.m.,     :
CAPTAIN STEPHEN VERJA, Shield #     :
754--in G.R.V.C. 3-11 p.m., and     :
DAVID HERNANDEZ, C.O. Shield #      :
9313,                               :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - - :
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/16

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

In this action pursuant to 42 U.S.C. § 1983, the plaintiff, David Matthew Burney, alleges that his Eighth Amendment rights were violated while he was incarcerated at a Rikers Island correctional facility. More specifically, he claims that certain employees of the New York City Department of Correction were deliberately indifferent to his serious medical needs when he was injured in a collision involving a New York City Department of Correction bus in which he was a passenger and was thereafter denied medical attention. I recommend the complaint be dismissed sua sponte for failure to prosecute.

Background

It is the procedural history that is relevant here, rather

than the plaintiff's substantive allegations regarding the accident, his injuries, and the denial of medical treatment. Mr. Burney filed his original complaint in June 2014 while he was incarcerated in the George R. Vierno Center at Rikers Island. (Complaint at 1). Over the course of the next four months, he informed the Court of two changes of address, as he was then being transferred among New York State correctional facilities. (Change of Address filed Aug. 7, 2014; Letter of David Burney filed Sept. 25, 2014). Responding to an order of the Court, Mr. Burney filed an amended complaint and then, prior to service on the defendants, filed a second amended complaint, for which certain defendants waived service.[1] (Order to Amend dated Oct. 7, 2014; Amended Complaint filed Dec. 10, 2014; Second Amended Complaint filed June 19, 2015; Waiver of Service dated Aug. 4, 2015; Order dated Nov. 3, 2015).

I held an initial pre-trial conference (with Mr. Burney appearing by video) and set a discovery schedule, which was later extended to allow counsel for the defendants to arrange to take Mr. Burney's deposition. (Letter of Anshel David filed May 25, 2016 ("David 5/25/16 Letter"); Order dated May 27, 2016). On June 20, 2016, ten days before discovery was to close, counsel for the

---

[1] The two individuals named in the operative complaint who did not waive service were never served.

defendants informed the Court that the plaintiff had been released from prison but left no forwarding address, making it impossible to complete discovery.[2] (Letter of Anshel David dated June 20, 2016 ("David 6/20/16 Letter") at 1). He asked that the case be stayed "pending location of the plaintiff." (David 6/20/16 Letter at 2). I granted the request, staying proceedings for sixty days, "during which time the plaintiff must contact the Court and provide his new address." (Order dated June 29, 2016 ("6/29/16 Order")). I also warned Mr. Burney that if he "[did] not contact the Court within this period, the case [would] be dismissed for failure to prosecute." (6/29/16 Order). As of the date of this Report and Recommendation, Mr. Burney has not communicated with the Court.

Discussion

An action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with the[] rules or a court order." The court's authority to dismiss for failure to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded

---

[2] According to the New York State Department of Corrections and Community Supervision Inmate Population Information Search tool, Mr. Burney was released to parole supervision on May 27, 2016. Http://nysdoccslookup.doccs.ny.gov/kinqw00 (enter DIN 14-A-3188) (last visited Nov. 29, 2016).

courts," Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3467029, at *8 (S.D.N.Y. July 10, 2013) (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)), and therefore that authority extends to dismissing a pro se plaintiff's complaint sua sponte, Bell v. General Building Laborer & Hiring Hall Local #66, No. 15 CV 699, 2016 WL 6806231, at *1 (E.D.N.Y. Nov. 16, 2016) ("[I]t is well-settled that a district court 'may act sua sponte to dismiss a suit for failure to prosecute.'" (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991))). The discretion to dismiss under this rule is guided by five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Generally, no single factor is dispositive. Id.

Since dismissal with prejudice is a harsh sanction, a pro se plaintiff's action should be dismissed under Rule 41(b) only if the circumstances are "sufficiently extreme." Id. at 217 (quoting LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). Furthermore, dismissal must be preceded "by particular

4

procedural prerequisites," which include "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Mitchell v. Lyons Professional Services, Inc., 708 F.3d 463, 467 (2d Cir. 2013). There must be "clear evidence" of the delinquency and "a high degree of specificity in the factual findings." Id. (quoting Mickle v. Morin, 297 F.3d 114, 126 (2d Cir. 2002)).

I ordered Mr. Burney to provide the Court with his mailing address over five months ago. (6/29/16 Order). In that time, he has not contacted the Court in any manner. The first factor therefore weighs in favor of dismissal. See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (seven-month delay); Lyell Theatre, 682 F.2d at 42-43 (delay "may warrant dismissal after merely a matter of months"); Dinkins v. Ponte, No. 15 Civ. 6304, 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) (five-month delay); Vazquez v. Davis, No. 12 Civ. 7630, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014) ("[S]ignificant delay can range from weeks to years depending upon the circumstances."); Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) ("Although three months is not necessarily a delay of 'significant duration,' the delay here has functioned as a complete block to moving this litigation forward, despite the efforts of defendants and the Court to do so. This weighs strongly

in favor of dismissal." (citation omitted) (quoting Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998))).

My order of June 29, 2016, informed Mr. Burney that his failure to comply would result in dismissal.  (6/29/16 Order). Moreover, it is clear that Mr. Burney understands the importance of updating the Court with his current address, as he did so more than once during the pendency of this action.  The second factor therefore also supports dismissal.

As to the third factor, the defendants' ability to defend against this action is prejudiced "as the salient events recede[] even [further] into the past."  Rusza, 520 F.3d at 177; see also LeSane, 239 F.3d at 210 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed . . . ." (quoting Lyell Theatre, 682 F.2d at 43)).  Indeed, the defendants have now been stymied for approximately six months in their attempts to obtain necessary evidence by deposing Mr. Burney.  (David 5/25/16 Letter).

I gave Mr. Burney sixty days to provide an address at which the Court and opposing counsel might contact him. (6/29/16 Order). Even so, I have delayed recommending dismissal for an additional period of approximately three months.  See Ruzsa, 520 F.3d at 177-78 ("[B]y delaying dismissal for twenty days and thereby affording [the plaintiff] ample time to inform the Court that he stood ready to press his claims, 'the need to alleviate court calendar

congestion was carefully balanced against plaintiff's right to an opportunity for a day in court.'"). To be sure, "[e]ach plaintiff has a right to his day in [c]ourt"; however, "[t]his right is 'qualified by the obligation to comply with lawful [c]ourt orders.'" Watkins v. Marchese, No. 13 Civ. 3267, 2015 WL 4605660, at *13 (S.D.N.Y. July 31, 2015) (first, second, and fourth alterations in original) (quoting George v. City of New York, Nos. 12 Civ. 6365, 13 Civ. 3511, 13 Civ. 3514, 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013)). "Noncompliance undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." Id. (quoting George, 2013 WL 5943206, at *4). However, since the plaintiff's conduct has not yet had an "extreme effect on court congestion," the fourth factor weighs only slightly in favor of dismissal. LeSane, 239 F.3d at 210 (quoting Lucas, 84 F.3d at 536).

I have considered less severe sanctions, but they would be unlikely to compel Mr. Burney to prosecute this action, not least because neither the Court nor the defendants have any way of informing him of those sanctions. As such, the fifth factor also supports dismissal. See Ruzsa, 520 F.3d at 178; George, 2013 WL 5943206, at *4.

Mr. Burney's failure to update his address with the Court makes it impossible to continue this action. See, e.g., Christian

v. Sposato, No. 15 CV 6874, 2016 WL 3647869, at *2 (E.D.N.Y. July 1, 2016) ("It is plaintiff's own action, or inaction, that has led to the inability of the Court to communicate orders to him. An action may not proceed where the Court and defense counsel are unable to contact plaintiff to, inter alia, arrange conferences, obtain discovery, serve motions and orders, and schedule trial."). "Dismissal is appropriate after plaintiff has become completely inaccessible, as inaccessibility 'strongly suggests that [plaintiff] is not diligently pursuing [his] claim.'" Id. (alterations in original) (quoting Dong v. United States, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)). Moreover, where, as here, the plaintiff has failed to communicate with the Court after previously participating in his action and complying with court orders, it is reasonable to assume that he has lost interest in pursuing his case.

Conclusion

   For the reasons discussed above, I recommend that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636 (b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the

Honorable George B. Daniels, Room 1310, 500 Pearl Street, New York, New York, 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

                        Respectfully submitted,

                        */s/ James C. Francis IV*
                        JAMES C. FRANCIS IV
                        UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
      November 30, 2016

Copies mailed this date:

David Burney
14-A-3188
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403
(Plaintiff's address of record)

Anshel David, Esq.
New York City Law Department
100 Church St.
New York, NY 10007